# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9558 | **DATE** | 12/27/2012 |
| **CASE TITLE** | Monica Lewis McGill vs. MacNeal Vansguard Health Systems | | |

**DOCKET ENTRY TEXT**

On November 30, 2012, Plaintiff Monica Lewis McGill ("McGill") filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons stated below, McGill's Motion to Proceed *In Forma Pauperis* [4] is granted. Miller's Motion for Appointment of Counsel [5] is denied.

■[ For further details see text below.]   Docketing to Mail Notices.

## STATEMENT

McGill's Complaint alleges that Defendants MacNeal Hospital/Vanguard Health Systems("Vanguard"), McGill's former employer, discriminated against her based on her disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* McGill alleges she began her employment at Vanguard in March of 2002, where her most recent position was as a Medical Records Coder. (Pl. EEOC Charge, Dkt. No. [1], p. 7.) McGill alleges Vanguard discriminated against her based on her disability when it disciplined her, failed to reasonably accommodate her disability, and terminated her employment after she requested a reasonable accommodation. *Id.*

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize McGill to proceed *in forma pauperis* if she is unable to pay the mandated court fees. McGill need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to her financial affidavit, McGill is not currently employed. McGill's most recent employment, which was with the Defendant, began in March of 2002 and ended in March of 2012. McGill earned $3,200 per month at that employment, and currently receives monthly unemployment benefits of $1,800. McGill owns a condominium valued at $140,000, and a 2008 Kia Sportage valued at $6,000. She makes monthly mortgage payments of $1,072 and has $5,000 of equity in her condominium. McGill also makes monthly payments of $474 on her vehicle. McGill does not own any additional items of personal property worth over $1,000, nor does she have more than $200 in cash in a checking or savings account. Based on these facts, McGill's financial affidavit sets forth her inability to pay the mandated court fees.

| STATEMENT |
|---|

A plaintiff may file a lawsuit under the ADA only after first filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Flannery v. Recording Indus. Ass'n of America*, 354 F. 3d 632, 637 (7th Cir. 2004) (citing *Hamilton v. Komatsu Dresser Indus.*, 964 F.2d 600, 603 (7th Cir. 1992)). McGill filed her charge with the EEOC on May 5, 2012. Therefore, the 300-day limitation excludes any acts that occurred before June 10, 2011. According to the Complaint, Vanguard discriminated against McGill by terminated her employment on March 6, 2012, safely within the 300-day window. (Dkt. No. [1], p. 7.) Therefore, McGill timely filed her discrimination charge with the EEOC.

McGill's EEOC charge and complaint in federal court must also "describe the same conduct and implicate the same individuals." *Dear v. Shinseki*, 578 F. 3d 605, 609 (7th Cir. 2009) (quoting *Ezell v. Potter*, 400 F. 3d 1041, 1046 (7th Cir. 2005)). That is the case here, as the allegations in McGill's EEOC Charge—that she was terminated based on her disability—are essentially identical to those in her Complaint.

The ADA also requires plaintiffs to obtain a right-to-sue letter from the EEOC before filing a federal lawsuit. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). *See also Sauzek v. Exxon Coal USA, Inc.*, 202 F. 3d 913, 920 (7th Cir. 2000) (citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F. 3d 497, 500 (7th Cir. 1994)). This rule is designed to give the employer "some warning of the conduct about which the employee is aggrieved, and it affords the [EEOC] and the employer an opportunity to attempt conciliation without resort to the courts." *Sauzek*, 202 F. 3d at 920 (quoting *Rush v. McDonald's Corp.*, 966 F. 2d 1104, 1110 (7th Cir. 1992)). McGill alleges in her Complaint that she received a right-to-sue letter from the EEOC on August 30, 2012, and has attached a copy of the letter. (Dkt. No. [1], p. 8.)

Once McGill received her right-to-sue letter from the EEOC, she had 90 days to file her lawsuit in federal court. 42 U.S.C. § 2000(e)-5(f)(1); 42 U.S.C. § 12117(a); *see also Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999). This rule is generally inflexible and not subject to equitable tolling unless the plaintiff has made a "good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing [her] complaint in time." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 849–50 (7th Cir. 2001) ("[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 127, 152 (1984)); *see also Harris v. Brock*, 835 F.2d 1190, 1194 (7th Cir. 1987).

Here, McGill filed her lawsuit in federal court on November 30, 2012, which, according to her Complaint, is ninety-one days after she received her right-to-sue letter from the EEOC. Court's

adhere strictly to the ninety-day rule, and have consistently refused to grant plaintiffs leeway simply because their complaints are "just a little late." *See e.g., Anooya v. Hilton Hotels Corp.*, 733 F.2d 48 (7th Cir. 1984) (finding plaintiff's employment discrimination complaint, filed ninety-one days after receipt of Notice of Right to Sue, untimely); *Sutton v. Donahoe*, No. 11 C 5912, 2012 WL 2863559, at *4–5 (N.D. Ill. July 11, 2012) (same); *MacGregor v. Depaul Univ.*, No. 10 C 107, 2010 WL 4167965, at *3 (N.D. Ill. Oct. 13, 2010) (same); *Kyles v. Staff Mgmt., Inc.*, No. 01 C 8697, 2002 WL 31121096, at *2 (N.D. Ill. Sept. 25, 2002) (dismissing pro se plaintiff's Title VII complaint because it was filed 91 days after plaintiff received notice of right to sue where plaintiff miscalculated the ninety-day period); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D. Ill. 1996) (same); *see also Harris v. The Picture People*, , 2004 WL 1898784, at *5 ("Although the result—throwing Ms. Harris out of court because she filed her [ADA] complaint one day late—seems harsh, it is the resulted mandated by the law in this Circuit."); *Davis v. Browner*, 113 F.Supp.2d 1223, 1226 (N.D. Ill. 2000) ("The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal.")

In this case, however, there is a conflict between McGill's Complaint and the EEOC Charge. McGill states in her Complaint that she *received* the EEOC notice on August 30, 2012, but the notice itself, which is attached th McGill's Complaint, states that the notice was *mailed* on August 30, 2012. When ruling on a motion to dismiss under Rule 12(b)(6), which applies to determinations of whether a plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915, "[w]here an exhibit and the complaint conflict, the exhibit typically controls." *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007); *see also Smith v. LaPorte Regional Health Systems*, No. 3:10-CV-325 , 2010 WL 3951214, at *1–2 (N.D. Ind. Oct. 7, 2010) (allowing Title VII claim to proceed where the "date received" per the plaintiff's Complaint and "date mailed" per the EEOC right-to-sue letter were both ninety-one days prior to the filing of the suit). Therefore, the Court is not bound by McGill's characterizations of her right-to-sue letter and may independently examine McGill's right-to-sue letter and form its own opinions about the document. *See id.* It is unlikely that McGill's right-to-sue letter was mailed by the EEOC and received by McGill the very same day. Because the exhibit is controlling here, the Court finds that McGill must have received the letter in early September at the earliest.

Court's have presumed that a plaintiff receives an EEOC notice somewhere between three and seven days after its mailing date. *See, e.g., Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123–1125 (9th Cir. 2007) (presuming EEOC notice received three days after mailing date); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.") (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *Banks v. Rockwell Intern. N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) (applying a five-day presumption of receipt of a right-to-sue letter); *see also Baldwin Cnty*, 466 U.S. at 148 n.1 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery based upon Fed.R.Civ.P. 6(2)); *see also Lloyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989) (in an appeal from Social Security Administration determination, finding that "unless

| STATEMENT |
|---|
| proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Jackson v. F.B.I.*, No. 02 C 3957, 2007 WL 2492069, at *5 (N.D. Ill. Aug. 28, 2007) (citing *Lloyd*'s five day presumption in EEOC context with respect to a Title VII claim); *Moss-Muchanan v. City of Chicago*, No. 03 C 0999, 2005 WL 78953, at *3 n.2 (N.D. Ill. Jan. 15, 2005) (same). |